UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.  04-14003-T/P-MIDDLEBROOKS/LYNCH

UNITED STATES OF AMERICA,

v.

RANDY SCOTT SYROP,
    Defendant.
_____/

## GOVERNMENT RESPONSE TO MOTION FOR AUTHORIZATION FOR SELF-EMPLOYMENT (DE 61)

      The United States of America, by and through its undersigned Assistant United States Attorney, respectfully files this Response to the Motion for Authorization for Self-Employment (DE 61).  In opposition to the motion, the Government states as follows:

  1.  The Defendant is repeat offender with a pattern and history of conducting investment scams and frauds, using small independent companies and enterprises.  Both the initial offense of conviction and his offense provoking revocation of his supervised release entailed the manipulation and overvaluation of share prices and swindling of investors persuaded to buy the shares at inflated values.

  2.  The Defendant's proclivity and attraction to this type of small business investment scam induced the Court to add a special condition of supervised release, requiring prior written court approval before the Defendant might enter into self-employment.

  3.  On October 27, 2009, the Defendant ended his term of imprisonment and began a renewed period of supervised release. The Defendant has obtained employment with approval of the Probation Office at Poly Limited, a dealer in recycled plastics, and is reported to be otherwise complying with the conditions of his supervised release.  Little more than one month has passed since the Defendant began to adjust to this new state of affairs.

4. Defendant now proposes to become self-employed and form his own company to purchase, arbitrage and distribute recycled plastics. He professes to have or need no investors, and promises not to sell the company or to seek partners of any type. Yet Defendant does not specify any details of how he could set up and maintain such a business enterprise, with a business plan or other assets in hand to launch and sustain the enterprise.

5. The undersigned Assistant United States Attorney has conferred with Probation Officer assigned to the defendant and concurs that the defendant's Motion is premature and should be denied, without prejudice to its renewal at a later time. More time is necessary for the Defendant to demonstrate a stable and consistent track record of working productively in a structured environment and under the supervision or management of others, such as at his new job. A period of adjustment to renewed freedom and settling into routines of Probation Office supervision would enhance Defendant's likelihood to avoid recidivism or falling back into past bad behavior.

6. In contrast, to return to independent self-employment runs a greater risk of Defendant's reversion to past offenses. While it may be commendable if defendant identifies market demand for business opportunities, he has demonstrated no reason he cannot advance his current employment position and aid his current employer to meet those opportunities, as the employer's business appears to already encompass this field.

WHEREFORE, the United States respectfully requests that the Court deny the Motion without hearing.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By:   *s/Theodore M. Cooperstein*
      Theodore M. Cooperstein A5501084
      Assistant United States Attorney
      theodore.cooperstein2@usdoj.gov
      United States Attorney's Office
      505 South Second Street, Suite 200
      Fort Pierce, FL   34950
      Telephone:  772-466-0899
      Facsimile:   772-595-3606
      Attorney for United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2009, I electronically filed the foregoing *Government's Response to the Motion for Authorization for Self-Employment* with the Clerk of the Court using CM/ECF.

*s/Theodore M. Cooperstein*
Theodore M. Cooperstein A5501084
Assistant United States Attorney